BARDAR v. PERRAZZO et al.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

NEW TRIAL ⚖⇒21—GROUNDS—DENIAL OF RIGHT TO COUNSEL OF CHOICE.

Where, after a trial had been begun with defendant represented by temporary counsel, the court refused to permit defendant's regular trial counsel to enter upon and conclude the trial, defendants were deprived of their right to be represented by counsel of their choice and are entitled to a new trial; it being impossible to say that the error was not prejudicial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 30–33; Dec. Dig. ⚖⇒21.]

⚖⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by John Bardar, by his guardian ad litem, George Bardar, against Gianbatista Perrazzo and another. From a judgment of the Municipal Court for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

James B. Henney, of New York City (Edward F. Lindsay, of New York City, of counsel), for appellants.

Otto H. Droege, of New York City, for respondent.

LEHMAN, J. It is the practice, so far as I know, of all the courts of this state that a litigant at the trial of an action may be represented by such counsel as he sees fit, and the only limitation upon this right is to be found in rule 29 of the General Rules of Practice. While I think that, under the circumstances of this case, the court would have been entirely justified in attempting to protect the interest of the defendant by refusing to permit the trial counsel, who had entered upon the trial of the case, to withdraw entirely from the trial, he went further than this, and refused the defendant's regular trial counsel the privilege of entering upon and concluding the trial of the case after it had been begun by other counsel acting temporarily.

I do not think that such a refusal was within the discretion of the trial judge, and it infringed the absolute rights of the parties. While the record does not show that the attorney who actually tried the case is any less skillful than the original attorney, yet it is for the party, and not for the court, to determine which attorney would best represent the interests of the litigant. Inasmuch as the defendants have been deprived of their right to be represented by counsel of their choice, it seems to me impossible to say that the error of the trial judge was not prejudicial.

For this reason I think the judgment should be reversed, and a new trial granted, with $10 costs to the appellant to abide the event. All concur.